The Honorable Randy Minton State Representative 880 Minton Road Ward, Arkansas 72176-8618
Dear Representative Minton:
I am writing in response to your request for my opinion on the following question:
 Is a county coroner legally entitled to take possession of and destroy prescription drugs from the residence of a deceased person.
RESPONSE
In my opinion, the answer to this question is "no."
Article VII, § 46 of the Arkansas Constitution authorizes the position of coroner as an elective county executive office. See also A.C.A. §14-14-502(a)(2)(A)(iv) (denominating the coroner an executive county official); A.C.A. § 14-14-603(b)(4) (denominating the position of coroner an elective county office). The scope of a coroner's duties and powers are set forth in the following statutes:
 When a death is reported to the coroner, he shall conduct an investigation concerning the circumstances surrounding the death of an individual and gather and review background information, including, but not limited to, medical information and any other information which may be helpful in determining the cause and manner of death.
A.C.A. § 14-15-301.
 (a) A coroner's investigation does not include criminal investigation responsibilities. However, the coroner shall assist any law enforcement agency or the State Crime Laboratory upon request.
 (b)(1) Coroners shall be given access to all death scenes in order to perform the duties set forth in this subchapter.
 (2) A coroner is authorized to issue subpoenas as necessary to secure pertinent medical or other records and testimony relevant to the determination of the cause and manner of death.
 (c)(1) The coroners and their deputies who have received instruction and have been deemed qualified by the State Crime Laboratory to take and handle toxicological samples from dead human bodies are authorized to do so for the purpose of determining the presence of chemical agents which may have contributed to the cause of death.
 (2) Toxicological samples may be taken from bodies in those cases where the coroner is required by law to conduct an investigation.
 (d) No person, institution, or office in this state who shall make available information or material under this section shall be liable for violating any criminal law of this state, nor shall any person, institution, or office be held liable in tort for compliance with this section.
A.C.A. § 14-15-302.[1]
 If, after conducting an investigation, the law enforcement agency and prosecuting attorney of the jurisdiction are satisfied that no crime has occurred, the coroner is satisfied that the death is not the result of a crime, and the coroner knows to a reasonable certainty the cause and manner of death, the coroner or his designated deputy shall proceed to execute a death certificate in the form and manner required by law and release the body for final disposition.
A.C.A. § 14-15-303.
 (a) Records gathered and created during the course of a coroner's investigation shall be confidential and deemed exempt from the Freedom of Information Act of 1967, § 25-19-101 et seq., but only until such time that the coroner issues his final report.
 (b) Confidential medical information gathered during the course of the investigation shall remain exempt from public inspection and copying except as quoted in the coroner's final report.
A.C.A. § 14-15-304.
In my opinion, nothing in any of these statutes would support a coroner in seizing and destroying a decedent's medications. The only conceivable rationale for such conduct would be to avoid the possibility that someone else might deliberately or inadvertently abuse the prescription drugs — an admirable end, but not one that falls within a coroner's job description. A coroner's function is to determine the cause of death and to opine whether a crime has occurred. The disposition of the deceased property is a matter for others to handle.[2]
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In Ark. Op. Att'y Gen. No. 99-232, I discussed the interplay between subsection (a) of this statute and A.C.A. § 16-81-104, which designates coroners as "peace officers" and authorizes them to execute warrants. I concluded that a peace officer's law enforcement responsibilities were "unclear under current law." Id. In Ark. Op. Att'y Gen. No. 95-263, my predecessor speculated that a coroner's responsibility as a peace officer might be limited to determining whether a crime had occurred, as opposed to identifying and apprehending the perpetrator.
[2] Procedures for seizing and disposing of controlled or dangerous substances are set forth at A.C.A. § 5-64-505 and 20-64-214. Nothing in these statutes authorizes a coroner on his own initiative to seize and destroy a decedent's property.